**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| DAVID REN HUNTT ET AL., | | |
| | * | |
| Plaintiffs, | | |
| | * | |
| v. | | |
| | * | Civil No. 24-2715-BAH |
| MEADOWS DESIGN & BUILD INC., ET AL., | | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

On July 23, 2026, Plaintiffs David Ren Huntt and J.D.H. ("Plaintiffs") filed a motion to modify the scheduling order to reopen discovery.  ECF 41.  Defendants filed an opposition.  ECF 43.  The Court has reviewed all relevant filings and finds that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2025).  For the reasons explained below, Plaintiffs' motion to modify the scheduling order is **DENIED**.

**I.      BACKGROUND**

The discovery deadline in this case was on April 28, 2025.  ECF 17, at 1.  Plaintiffs contacted opposing counsel on April 16, April 23, and May 5, 2025, in an attempt to schedule a deposition of Defendant Lindsay Keiser Meadows ("Meadows").  ECF 41, at 2.  Meadows' deposition was eventually scheduled for May 23, 2025, but was postponed several times by consent.  *Id.*  Plaintiffs also sent "subpoenas and Notices of Deposition Duce Tecum" on May 30, 2025.  *Id.* at 4.  After some back and forth, Plaintiffs renewed these requests on October 27, 2025, requesting a deposition and production of documents by December 8, 2025.  *Id.*  In a joint status report on February 27, 2026, the parties advised that discovery was complete except for Meadows'

deposition, which was completed on March 5, 2026.  ECF 37, at 1; ECF 41, at 4.  Plaintiffs now assert that although some documents were produced at that time, certain categories of documents were missing from Defendants' production.  ECF 41, at 7–9.  On April 20, 2026, the Court held a virtual scheduling conference to set a trial date.  *See* ECF 39.  Counsel advised that they were working together to complete the outstanding document requests, and that no further depositions were required.  ECF 39.  Trial is set to begin on October 20, 2026.  ECF 40, at 1.

According to Plaintiffs, as of May of 2026, certain documents were still outstanding, so Plaintiffs' counsel notified opposing counsel "of his intent to file this motion to compel due to their failure to comply with our valid document requests."  ECF 41, at 9.  Plaintiffs have now filed the instant motion and request to extend the discovery deadline to September 15, 2026, for the purpose of taking a second deposition of Meadows and "send[ing] more detailed requests for written responses, admissions, and production of documents pertaining to her business practices."  *Id.* at 1.  Despite Plaintiffs' prior representation that no further depositions were required, they now contend that Meadows' March 5, 2026 deposition was insufficient because she "did not give answers to inquiries about her current practices as a business owner to determine whether the employment agreement with the Plaintiffs deviated in any way from her normal business practices[.]"  ECF 41, at 4.

## II.    <u>LEGAL STANDARD</u>

Under the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also Cook v. Howard*, 484 F. App'x 805, 814–15 (4th Cir. 2012).  "The primary factor in determining the existence of good cause for a discovery extension is the requesting party's diligence during the discovery period."  *Niederberger v. Wegmans Food Markets, Inc.*, Civ. No. JKB-23-2759, --- F. Supp. 3d ----,  2026

WL 969287, at *4 (D. Md. Apr. 10, 2026) (quoting *Rivera v. Praetorian Ins. Co.*, Civ. No. JKS-14-2781, 2015 WL 6437199, at *2 (D. Md. Oct. 19, 2015)), *reconsideration denied*, Civ. No. JKB-23-2759, 2026 WL 1734875 (D. Md. June 16, 2026). "Lack of diligence and carelessness are hallmarks of failure to meet the good cause standard." *Id.* (quoting *Capitol Radiology, LLC v. Dimensions Health Corp.*, Civ. No. DKC-2005-3298, 2006 WL 8456966, at *2 (D. Md. Sept. 25, 2006)). "In evaluating a motion for an extension, '[t]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . *If that party was not diligent, the inquiry should end.*'" *Id.* (emphasis in original) (quoting the same); *see also Cook*, 484 F. App'x at 815 ("'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'" (citation omitted)).

III.    **ANALYSIS**

Plaintiffs have failed to establish good cause to modify the scheduling order deadline and reopen discovery. Plaintiffs argue that they "have shown good cause to open discovery by engaging in diligent pursuit of documents and responses after the initial scheduling order violation." ECF 41, at 10. However, Plaintiffs fail to explain why they did not act diligently to comply with the schedule in the first place. *See Rivera v. Praetorian Ins. Co.*, Civ. No. JKS-14-2781, 2015 WL 6437199, at *2 (D. Md. Oct. 19, 2015) ("The primary factor in determining the existence of good cause for a discovery extension is the requesting party's diligence *during the discovery period.*" (emphasis added)). The parties were aware no later than December 5, 2024, that the discovery deadline was on April 28, 2025. ECF 17, at 1. By their own account, Plaintiffs did not attempt to schedule Meadows' deposition until April 16, 2025, only twelve days before the

deadline. ECF 41, at 2; *see also Alston v. Becton, Dickinson & Co.*, No. 1:12CV452, 2014 WL 338804, at *3 (M.D.N.C. Jan. 30, 2014) ("[A] party who waits until the last minute to pursue discovery has not shown good cause to extend discovery."). Plaintiffs did not request an extension of the discovery deadline at this time. Nor did Plaintiffs request an extension on April 23, 2025, when their second email requesting to schedule Meadows' depositions went unanswered five days before the deadline. ECF 41, at 2. They did not request an extension on or even shortly after the deadline, despite having no deposition scheduled at that time. *See id.* Moreover, Plaintiffs did not request any production of documents until over a month after the discovery deadline had already passed. *Id.* at 4 (averring that Plaintiffs "originally sent" their request for production of documents on May 30, 2025). And Meadows' deposition did not occur until nearly a year later. *See id.* at 2–4. At no time therein did Plaintiffs seek to extend the discovery deadline.

Plaintiffs also lacked diligence in filing the instant motion. Any alleged deficiency with Meadows' deposition was known to Plaintiffs no later than March 5, 2026. Even so, Plaintiffs represented to the Court on April 20, 2026, that no further depositions were required. ECF 39. Plaintiffs also knew that they were dissatisfied with Defendants' document productions no later than May 14, 2026, when Plaintiffs' counsel notified Defendants' counsel that he intended "to file this motion to compel due to their failure to comply with our valid document requests." ECF 41, at 9. Plaintiffs do not explain why their motion comes months later.

Finally, the record shows an overall lack of diligence throughout the life of this case. *See Cook*, 484 F. App'x at 816 (explaining that a district court "appropriately relied on" the movant's "overall lack of diligence" in determining good cause). For example, counsel has "failed to file multiple status reports as directed," and "were unresponsive to multiple emails from [the Court's] staff attempting to schedule the teleconference." ECF 38, at 1. Simply put, Plaintiffs have failed

4

to show any sort of diligence to adhere to the discovery deadline and have not established good cause to modify it.

## IV.     <u>**CONCLUSION AND ORDER**</u>

For the foregoing reasons, Plaintiffs' motion to modify the scheduling order, ECF 41, is denied.

Dated: <u>July 31, 2026</u>                                    <u>                /s/                </u>
Brendan A. Hurson
United States District Judge